IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00179-WCM

| | |
|---|---|
| BRYON D. BURNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 13, 16).[1]

## I. Procedural Background

In July of 2017, Plaintiff Bryon D. Burns ("Plaintiff") filed an application for disability insurance benefits, alleging disability beginning on March 23, 2020. Transcript of the Administrative Record ("AR") 200-202.

On July 20, 2021, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 15-31. That decision is the Commissioner's final decision for purposes of this action.

---

[1] The parties have consented to the disposition of this case by a United States Magistrate Judge. Docs. 11, 12.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "asthma; hypertension; gout; polycythemia; mild sleep apnea." AR 21. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform light work . . . except occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, and atmospheric conditions, as defined in The Selected Characteristics of Occupations (SCO) and the Dictionary of Occupational Titles (DOT).

AR 22.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain jobs existing in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 26-27.

## III. Plaintiff's Allegations of Error

Plaintiff contends that, despite finding the opinion of his treating pulmonologist, Dr. Douglas Kelling, "partially persuasive," the ALJ failed to include environmental limitations consistent with Dr. Kelling's opinion in Plaintiff's RFC.

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a

disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the

3

correct application of the law. Id.

V. **Discussion**

In an October 27, 2020 letter, Dr. Kelling stated that:

> Because of his asthma if Mr. Burns were to have a COVID-19 respiratory infection he would be at a high risk to develop severe complications of that infection including death. Therefore, he should not work in any environment where he is exposed to people who could infect him with the COVID-19 virus. In addition, he should not work in any environment where he is exposed to smoke, dust, fumes, chemicals or other agents which are irritating or toxic to the lungs.

AR 367.

The ALJ found the October 27 letter "partially persuasive with regard to the environmental limitations as set forth by Dr. Kelling, because these limitations are reasonable given the claimant's asthma and have been considered when determining the residual functional capacity." AR 25.

Plaintiff argues that, despite finding Dr. Kelling's opinion to be partially persuasive, the ALJ included limitations in Plaintiff's RFC that were less restrictive than those identified by Dr. Kelling and failed to explain why greater limitations were not included. Specifically, Plaintiff contends that the ALJ only included a limitation regarding the intensity of his exposure to pulmonary irritants and should have also included a limitation regarding the frequency of his exposure. Plaintiff therefore asserts that an unresolved conflict exists between his RFC and Dr. Kelling's opinion. Additionally,

4

Plaintiff argues that the ALJ failed to include any limitation with respect to Plaintiff working in an environment where he may be exposed to COVID-19.

The undersigned agrees with Plaintiff that Dr. Kelling's October 27 letter could be read to indicate that Dr. Kelling believed Plaintiff was precluded from working anywhere he would be exposed to people (from whom he could contract COVID-19), or anywhere he would be exposed to any level of the listed irritants. Such limitations would significantly impact Plaintiff's ability to work. See Social Security Ruling 85-15, 1985 WL 56857 ("[w]here an individual can tolerate very little…dust, etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants…").[2]

Further, the ALJ's description of his treatment of Dr. Kelling's opinion is somewhat vague; the ALJ found Dr. Kelling's opinion partially persuasive with respect to "environmental limitations" but did not describe specifically what he considered the term "environmental limitations" to mean.

However, the RFC limitation regarding "atmospheric conditions" is consistent with the types of irritants identified by Dr. Kelling. See Selected

---

[2] The undersigned notes, however, that in a subsequent letter issued after the ALJ's decision, Dr. Kelling wrote that Plaintiff could "do light work if he [was] not exposed to any gases, fumes, dust, cigarette smoke, excessive cold or heat, excessive humidity or any Other environmental agents which could be irritating or toxic to the lungs." AR 14.

Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Appendix D. Environmental Conditions ("atmospheric conditions" include "fumes, noxious odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes, or the skin"). That is, the term "atmospheric conditions" included in the RFC appears to encompass the "smoke, dust, fumes, chemicals, or other agents which are irritating or toxic to the lungs" identified in Dr. Kelling's October 27 letter.

Additionally, other portions of the ALJ's opinion indicate that the ALJ did not consider a limitation regarding COVID-19 exposure to be necessary, and that the ALJ found Plaintiff's medical records and reports of daily activities to be inconsistent with extreme pulmonary limitations. For example, the ALJ explained, with respect to an earlier letter from Dr. Kelling stating that Plaintiff was totally and permanently disabled from his previous work due to asthma and the risk of COVID-10 infection, see AR 366, that such opinion was not persuasive because it was vague, conclusory, and inconsistent with medical evidence. See AR 24 (citing AR 353 (February 2020 chest x-ray showing no active cardiac or pulmonary disease); AR 355 (February 2020 office note indicating that Plaintiff reported some cough and shortness of breath when in a dusty environment, but that symptoms resolved once he left that environment, and that he had no limitations with respect to his daily routine activities outside of work and was able to climb hills with his 6-year-old child

6

without difficulty); AR 334 (May 2020 office note reflecting that Plaintiff reported no respiratory symptoms at the time); AR 573 (September 2020 record indicating Plaintiff's lungs were clear and respirations were non-labored); AR 660 (October 2020 record reflecting same)).

Further, Plaintiff has not provided controlling authority requiring an ALJ to adopt all limitations included in an opinion the ALJ has found to be partially persuasive, or to explain the decision not to adopt those limitations. Cf. Chambless v. Saul, No. 1:19-cv-00322-MR-WCM, 2020 WL 5577883, at *4 (W.D.N.C. Sept. 17, 2020) ("if an ALJ assigns significant or great weight to a medical opinion, but implicitly rejects part of that opinion by failing to include a limitation in the RFC, the ALJ must explain the inconsistency").

Finally, and most importantly, even if the ALJ should have included an additional limitation in Plaintiff's RFC, such error was harmless, as the jobs upon which the ALJ relied when finding Plaintiff was not disabled do not require any exposure to pulmonary irritants. See SCODICOT, Appendix D. Environmental Conditions (where frequency is described as "not present," the "activity or condition does not exist"); DICOT 239.567-010, 1991 WL 672232 (Office Helper); DICOT 209.687-026, 1991 WL 671813 (Mail Clerk); DICOT 209.587-034, 1991 WL 671802 (Marker) (each listing atmospheric conditions, extreme cold, extreme heat, wet/humid conditions as not present); Gary-Venable v. Berryhill, No. CBD-17-0868, 2018 WL 433280, at * 5 (D. Md. Jan.

7

12, 2018) ("Assuming arguendo that the ALJ should have included limited exposure to pulmonary irritants in her decision, the Court is still persuaded by Defendant's argument that Plaintiff failed to show that she was harmed by the omission of 'pulmonary irritants'…even had Plaintiff shown that she requires limited exposure to pulmonary irritants, Plaintiff failed to show that the ALJ's assessment that Plaintiff return to work as an administrative assistant would expose her to said irritants").

## VI. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 13) is **DENIED**, and the Commissioner's Motion for Summary Judgment (Doc. 16) is **GRANTED**.

The Clerk of Court is respectfully directed to enter a separate judgment in accordance with this Order.

Signed: February 16, 2023

W. Carleton Metcalf
United States Magistrate Judge